IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KELLIE WILLIAMS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CIVIL ACTION NO. 5:17-CV-276(MTT) |
| RESMED, *et al.*, | ) ) ) |
|     Defendants. | ) ) |

## ORDER

Kellie Williams alleges that the Defendants are liable for the wrongful death of her mother. Doc. 1 at 4. Williams contends that the Court has diversity jurisdiction over this case. *Id.* at 3. The Court granted Williams's motion to proceed in forma pauperis. Doc. 4. But the Court ordered Williams to amend her complaint to state sufficient factual allegations to avoid dismissal because Williams's "citizenship allegations are unclear" and Williams "fails to allege any dates relevant to a wrongful death claim," so the original complaint fails to make clear whether lack of jurisdiction or untimeliness bar the Court from hearing this case. *Id.* at 3; *see* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss a pro se complaint if the complaint "fails to state a claim upon which relief may be granted"). Williams has now amended her complaint. Doc. 9.

A pro se litigant's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted). But even construed liberally and in the most favorable light, Williams's amended complaint still fails to state a claim upon which relief may be granted. Williams has failed to plead

complete diversity as required by 28 U.S.C. § 1332.  Williams's amended complaint alleges that (1) she is a citizen of Houston County, Georgia; (2) the cause of action arose in Houston County, Georgia; (3) Defendant RESMED "is a global manufacturer" of products to manage respiratory conditions and "can be served at 600 Riverside Pkwy, Lithia Springs, GA 30122;" and (4) Defendant "Hobbs Home Medical of Georgia provides home medical equipment, supplies and services to patients in the middle Georgia area," and Hobbs Home Medical of Georgia's "principal place of business is Warner Robins, GA."  Doc. 9 ¶¶ 1-4.  Diversity jurisdiction requires the parties to be "citizens of different States," and a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(a)(1), (c)(1).  According to Williams's amended complaint, the parties are not citizens of different states.

The Court notes that Williams's wrongful death claim is likely untimely.  Williams filed this lawsuit on July 17, 2017.  Doc. 1 at 6.  In her amended complaint, Williams alleges that her mother passed away on July 16, 2015.  Doc. 9 ¶ 5.  Georgia law imposes a two-year statute of limitations on "actions for injuries to the person," including wrongful death, and a two-year statute of limitations on "action[s] for medical malpractice" resulting in injury or death.  O.C.G.A. § 9-3-33; O.C.G.A. § 9-3-71; *see also Miles v. Ashland Chem. Co.*, 261 Ga. 726, 727-28, 410 S.E.2d 290, 291-92 (1991) (applying O.C.G.A. § 9-3-33 to a wrongful death claim and holding that the cause of action accrued on the date of the death).  Williams was therefore required to file suit on or before July 16, 2017.

In any event, the Court lacks subject matter jurisdiction, and therefore the complaint is **DISMISSED without prejudice**.[1]

**SO ORDERED,** this 9th day of November, 2017.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

---

[1] As discussed above, it appears the statute of limitations has run. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because, as discussed above, the Court lacks subject matter jurisdiction.